# DISCIPLINARY DOCKET

**95–1200.   Columbus Bar Assn. v. Blankenship.**

On December 7, 2001, respondent, Jeffrey A. Blankenship, filed an application for termination of probation. On April 27, 2001, relator filed a notice of respondent's completion of monitored probation. Upon consideration thereof, the court finds that respondent has substantially complied with Gov.Bar R. V(9)(D) and with its order dated April 6, 1999, in which the court reinstated respondent and placed him on probation on conditions.

THEREFORE, IT IS ORDERED by the court that the probation of respondent, Jeffrey A. Blankenship, Attorney Registration No. 0014764, last known address in Columbus, Ohio, be, and hereby is, terminated.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

**99–1159.   Toledo Bar Assn. v. Peters.**

On December 24, 2001, respondent, William J. Peters, a.k.a. William James Peters, filed an application for termination of probation, and on December 10, 2001, relator, Toledo Bar Association, filed its report regarding probation Upon consideration thereof, the court finds that respondent has substantially complied with Gov.Bar R. V(9)(D) and with its order dated August 1, 2000, in which the court stayed the last twelve months of his suspension and placed him on probation for twelve months.

THEREFORE, IT IS ORDERED by the court that the probation of respondent, William J. Peters, a.k.a. William James Peters, Attorney Registration No. 0032163, last known business address in Toledo, Ohio, be, and hereby is, terminated.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

# MISCELLANEOUS DISMISSALS

**02–106.   Killings v. Gorman.**

In Procedendo. On January 22, 2002, relator filed a complaint in procedendo. In lieu of the filing fee required by S.Ct.Prac.R. XV(1), relator tendered an affidavit of indigency. Whereas relator's affidavit was executed more than one year ago, it does not meet the requirements of S.Ct.Prac.R. XV(3). Accordingly,

IT IS ORDERED by the court, *sua sponte*, that the affidavit of indigency be, and hereby is, stricken.

IT IS FURTHER ORDERED by the court that this cause be, and hereby is, dismissed.

*Thursday, January 31, 2002*

# MEDIATION DOCKET

The following cases have been referred to mediation pursuant to S.Ct.Prac.R. XIV(6):

**01–2266.   State ex rel. Value City Dept. Stores v. Indus. Comm.**

Franklin App. No. 01AP–236.

# MOTION DOCKET

**01–871.   State v. Ahmed.**

Belmont C.P. No. 99CR192. This cause is a death penalty appeal from the Court of Common Pleas of Belmont County. Upon consideration of appellant's motion for reappointment of counsel,

IT IS ORDERED by the court, *sua sponte*, that appellant's brief shall be due ninety days from January 9, 2002, and the parties shall otherwise proceed in accordance with S.Ct.Prac.R. XIX(5).